## HOWARD COUNTY *v.* BOONEVILLE CENTRAL NATIONAL BANK.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

Decided April 23d, 1883.

*Municipal Bonds—Railroads.*

When an act of the legislature authorized a county to subscribe for stock in a railroad or its branches, and the inhabitants of the county at legally convened meetings voted to exercise the power thus conferred, and the subscription was made, and county bonds issued therefor and exchanged for stock in a branch of the railroad for which the subscription was made, and the county, for a series of years, paid the interest on the bonds, and then resisted payment solely on the ground that the road constructed was not the road to whose stock the statute authorized the county to subscribe : *Held,* On the special finding found at the trial below, that the road is one of the branches for which the act authorized counties to subscribe.

Action to recover on coupons of bonds issued by the county

in payment for subscriptions to the stock of the Tebo & Neosho Railroad Company. The only controversy was whether the road as constructed was the road for whose stock the county was authorized to subscribe.

*Mr. John D. Stevenson* for plaintiff in error.
*Mr. W. M. Williams* for defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

The Tebo and Neosho Railroad Company was authorized by its charter to construct and operate a railroad from some point on the Pacific Railroad, between the west bank of the Laramie River and Muddy Creek, in Pettis county, in a southerly or southwesterly direction through Henry county, to some point on the State line between the northwest corner of Jasper and the southeast corner of McDonald county. It was also expressly authorized " to extend *branch* railroads into and through *any* counties that the directors may deem advisable." For the purpose of aiding in the construction by that company of a road from the junction of the main line with the Pacific Railroad, extending in a northeasterly direction, to Booneville, through the county of Howard, the county court of that county, in its behalf and after a favorable vote by the people, made a subscription to the capital stock of the company, and issued county bonds therefor. One-half of the bonds were sold by the county and the proceeds paid to the company, while the remainder were delivered in full payment of the balance due on the subscription. The subscription was made and bonds issued, in pursuance of a provision in the company's charter which made it

" lawful for the county court of any county in which any part of the railroad or *branches* may be, or any county adjacent thereto, to subscribe to the stock of said company, . . . . and for the stock subscribed in behalf of the county may issue the bonds of the county to raise the funds to pay the same, and to take proper steps to protect the interest and credit of the county court, may appoint an agent to represent the county, vote for it, and receive its dividends." Act of January 16th, 1860, §§ 6 and

8 ; act of November 21st, 1857, charter of Osage Valley & Southern Kansas Railroad Company, Laws of Mo., 1857, adjourned session, p. 62.

The railroad was constructed through Howard county as proposed, and has been in operation ever since. The county court levied and collected a tax to pay the interest on the bonds for seven years, regularly paid the semi-annual interest until March, 1878, redeemed a number of the bonds, voted the county's stock at several meetings of stockholders, and when, in 1874, the road so constructed northeasterly through Howard county was sold to the Missouri, Kansas & Texas Railroad Company, the county received 4,000 shares of the stock of the latter company in exchange for its stock in the Tebo & Neosho Railroad Company. Counsel for the defendant in error states that the county sold its stock in the Missouri, Kansas & Texas Railroad Company for $140,000. But no such fact appears in the findings. But it does appear that the county, when the case was tried below, still held that stock.

And now it is contended in behalf of the county—and no other question is presented for determination—that there was no legal authority for this subscription or issue of bonds. The argument in its behalf is that the main road of the company was established on a line south of the Pacific Railroad; that Howard county could not, by subscription, aid in the construction of the main line; and could not, by subscription, aid in the construction of a road from the junction of the main line northeasterly through that county, because such a road would not be a *branch* road, but only an unauthorized *extension* of the *main* line.

We are of opinion that the road constructed through Howard county was, within the meaning of the statute, a branch of the original or main line. The defence cannot be sustained.

*The judgment is affirmed.*